**MOORE LANDREY, L.L.P., Appellant,**

v.

**HIRSCH & WESTHEIMER, P.C., Stephen P. Glover, and Groves & Glover, L.L.P., Appellees.**

No. 01–03–00316–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 16, 2003.

Clay Dugas, Clay Dugas & Associates, Beaumont, TX, for Appellant.

Jesse R. Pierce, Clements, O'Neill, Pierce & Nickens, Donald Burger, Jessie Alliene Amos, Clements, O'Neill, Pierce, Wilson & Fulkerson, L.L.P., Houston, TX, for Appellee.

Panel consists of Chief Justice RADACK and Justices ALCALA and HIGLEY.

## OPINION

ELSA ALCALA, Justice.

This is an attempted appeal from an attorney's fees dispute in which appellant, Moore Landrey, L.L.P., seeks to challenge summary judgments rendered in favor of appellees, Hirsch & Westheimer, P.C. (Hirsch & Westheimer), Stephen P. Glover, and Groves & Glover (collectively, Glover) on Moore Landrey's claims for breach of contract, negligent misrepresentation, fraudulent inducement, and claims alleging a joint enterprise.[1] In addition to defending the summary judgment rendered in its favor, Hirsch & Westheimer alternatively challenges Moore Landrey's right to prosecute this appeal, on the grounds that the trial court no longer had plenary power when it signed a rule 306a(4) order to establish the date on which Moore Landrey received notice of the trial court's final judgment.[2] We sustain Hirsch and Westheimer's jurisdictional challenge and dismiss the appeal.

## Procedural Background

After entering a series of interlocutory orders, the trial court signed a final judg-

---

1. Hirsch & Westheimer is the only appellee who has filed an appellee's brief.

2. See TEX.R. CIV. P. 306a(4)-(5) (providing remedy by which party who had no notice of signing of judgment can establish date of that party's notice of judgment as date from which trial court's exercise of plenary power over judgment begins to run).

ment on April 9, 2002. On May 28, 2002, the 49th day after that judgment, Moore Landrey filed a notice of appeal.[3] No party filed a motion for new trial or any other rule 329b motion.[4]

On June 12, 2002, the 64th day after the April 9, 2002 judgment, Moore Landrey filed a "Motion under Texas Rule of Procedure Rule 306a5 [sic]."[5] The motion was supported by Moore Landrey's counsel's affidavit, to which he had attached a verified copy of a notice from the Harris County District Clerk, dated May 15, 2002, which reported that the trial court had signed an order granting summary judgment on April 9, 2002. Moore Landrey's motion and its counsel's affidavit asserted that the May 15, 2002 notice occurred more than 20 days after the April 9, 2002 order and was Moore Landrey's and its counsel's first notice that the April 9, 2002 order had been signed. The motion requested that, "Texas Rule of Civil Procedure 306a 4[sic] applies to the appellate deadlines in this case."

But Moore Landrey did not file a notice of hearing on its rule 306a(5) motion until December 9, 2002, almost six months after the motion was filed. The trial court nevertheless heard and granted the motion seven days later, on December 16, 2002. The trial court's order of December 16, 2002 recites that relief was granted after considering the motion and the supporting affidavit and exhibit and decrees that, "the Order entered by the Court on April 9, 2002, was received by [Moore Landrey] on May 15, 2002." Moore Landrey filed an amended notice of appeal on March 25, 2003.

3. Moore Landrey's notice of appeal referred to the date of the trial court's final judgment as April 25, 2001 and described that judgment as becoming final on May 15, 2002.

4. See Tex.R. Civ. P. 329b(a)-(h) (stating deadlines for postjudgment motions and effect of

## Hirsch & Westheimer's Jurisdictional Challenge

Hirsch & Westheimer contends that Moore Landrey cannot prosecute this appeal because the trial court's plenary power over its April 9, 2002 judgment had expired when it signed the December 16, 2002 order, and that the December 16, 2002 order is, therefore, void. Moore Landrey disputes Hirsch & Westheimer's challenge by arguing that nothing in rule 306a imposes a deadline, either to set a hearing on a rule 306a(5) motion or to obtain a ruling.

## Plenary Power

A trial court retains plenary power over a final judgment for at least 30 days after signing that judgment. See Tex.R. Civ. P. 329b(d) ("[R]egardless of whether an appeal has been perfected," trial court retains "plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment within thirty days after the judgment is signed."). The date on which the trial court signs the judgment "determine[s] the beginning of the periods ... for the court's plenary power." Tex.R. Civ. P. 306a(1).

Parties may extend this initial 30–day period of plenary power by timely filing, within that 30–day period, a motion that seeks a substantive change in the judgment. Tex.R. Civ. P. 329b(a), (g); see Lane Bank Equip. Co. v. Smith Southern Equip., Inc., 10 S.W.3d 308, 310, 314 (Tex. 2000); In re T.G., 68 S.W.3d 171, 176 (Tex.App.-Houston [1st Dist.2002], pet.

certain motions on trial court's plenary power).

5. We will refer to this motion as the rule 306a(5) motion.

ref'd). Appropriate motions include a motion for new trial or a motion to modify, correct, or reform the judgment. *See* Tex.R. Civ. P. 329b(g); *Lane Bank Equip. Co.*, 10 S.W.3d at 310; *In re T.G.*, 68 S.W.3d at 176.

Pursuant to subsections (g) and (h) of rule 329b, parties may extend the trial court's plenary power over its judgment and also extend the applicable appellate timetables by timely filing a rule 329b motion or a motion that has the same effect as a rule 329b motion. *See* Tex.R. Civ. P. 329b(g), (h); *Lane Bank Equip. Co.*, 10 S.W.3d at 310; *In re T.G.*, 68 S.W.3d at 176; see also Tex.R.App. P. 26.1 (governing time to perfect appeal in civil cases).

No postjudgment motion seeking a substantive change in the trial court's April 9, 2002 judgment was filed within 30 days of the trial court's signing that judgment. Therefore, under the timetable that controls in the absence of a postjudgment motion seeking a substantive change in the judgment, the trial court lost plenary power over the April 9, 2002 judgment on the 30th day after the trial court signed that judgment, specifically, on May 9, 2002.

### Rule 306a(5) Motion for Additional Time to File Documents

Because the date on which the trial court signs its final judgment starts the deadlines imposed by rules 306a(1) and 329b(d) and (g), as well as the deadline to perfect any appeal under rule 26.1 of the Rules of Appellate Procedure, subsection (3) of rule 306a requires that trial-court clerks "immediately" notify the parties or their attorneys of record that a judgment has been signed. *See* Tex.R. Civ. P. 306a(3); Tex.R. Civ. P. 306a(1), 329b(d), (g); Tex.R.App. P. 26.1.

When more than 20 days have passed between the date that the trial court signs the judgment and the date that a party receives the clerk's notice or acquires actual knowledge that the judgment has been signed, subsection (4) of rule 306a creates an exception from rule 306a(1)'s provision that the date of the judgment starts the postjudgment timetables. *John v. Marshall Health Servs.*, 58 S.W.3d 738, 740 (Tex.2001); Tex.R. Civ. P. 306a(4). Subsection (5) of rule 306a provides a procedure that enables the trial court to change the start date from the actual date of the judgment to the date on which the party received the clerk's notice or acquired actual knowledge that the trial court signed the judgment, whichever occurs first, as long as that date is not more than 90 days after the trial court signed the final judgment. Tex.R. Civ. P. 306a(5); *see John*, 58 S.W.3d at 741; *Levit v. Adams*, 850 S.W.2d 469, 470 (Tex.1993). A parallel provision of the Rules of Appellate Procedure affords additional time for filing documents related to the appeal under the same time parameters and in accordance with the procedures stated in rule 306a(5) of the Rules of Civil Procedure. *See* Tex. R.App. P. 4.2(a)(1), (b), (c) (providing for additional time under the appellate timetable to file appellate documents in accordance with procedures in rule 306a(5)).

Subsections (4) and (5) of rule 306a provide as follows:

4. **No notice of judgment.** If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall

such periods begin more than ninety days after the original judgment or other appealable order was signed.

5. **Motion, notice and hearing.** In order to establish the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

TEX.R. CIV. P. 306a(4)-(5). After conducting the hearing contemplated by rule 306a(5), the trial court "must sign a written order that finds the date when the party or the party's attorney first received notice or acquired actual knowledge that the judgment or order was signed." TEX. R.APP. P. 4.2(c); *see Cantu v. Longoria,* 878 S.W.2d 131, 132 (Tex.1994) (conditionally granting mandamus relief based on trial court's failure to rule on motion seeking determining date of notice of judgment; decided under former rule 5(b)(5)). The requirements of rule 306a(5) are jurisdictional. *Mem'l Hosp. v. Gillis,* 741 S.W.2d 364, 365 (Tex.1987); *Grondona v. Sutton,* 991 S.W.2d 90, 92 (Tex.App.-Austin 1998, pet. denied).

### Moore Landrey Timely Reinvoked Trial Court's Plenary Power

#### A. Rule 306a(5)'s Procedural Requirements Met

 Moore Landrey's motion requested relief in accordance with rule 306a(4) and provided sworn proof that Moore Landrey's and its counsel's first notice of the April 9, 2002 judgment occurred on May 15, 2002. Rule 306a(5) requires notice, but nothing in the record before us indicates either that any party disputed notice or that any party opposed Moore Landrey's motion. Based on the record before us, we hold that Moore Landrey's motion complied with the formal requirements of rule 306a(5) by presenting a prima-facie case demonstrating lack of notice of the April 9, 2002 judgment until May 15, 2002. Having presented a prima-facie case, Moore Landrey reinvoked the trial court's plenary power for purposes of determining the date of notice of the judgment, provided that the motion was timely filed. *See John,* 58 S.W.3d at 741; *Levit,* 850 S.W.2d at 470; *Gillis,* 741 S.W.2d at 365; *Grondona,* 991 S.W.2d at 92.

#### B. Plenary Power Timely Reinvoked

We further hold that Moore Landrey timely filed its rule 306a(5) motion. Although rule 306a(5) does not impose an express time limit for filing, the supreme court has clarified that a rule 306a(5) motion may be filed at any time within the trial court's plenary power "measured from the date determined under rule 306a(4)." *See John,* 58 S.W.3d at 741 (disapproving of cases holding that rule 306a(5) motion must be filed within 30 days of party's or party's attorney's acquiring notice of signing of judgment).

Based on the prima-facie showing that Moore Landrey did not receive notice of the judgment until May 15, 2002, the trial court's plenary power recommenced on that date. *See John,* 58 S.W.3d at 741; *Grondona,* 991 S.W.2d at 92. Once reinvoked, the trial court's plenary power lasted at least 30 days under the usual rules, *see* TEX.R. CIV. P. 329b(d), unless extended by an appropriate motion that extended the initial 30–day period. *See* TEX.R. CIV. P. 329b(a), (g); *see also John,* 58 S.W.3d at 741 (recognizing extension of plenary power accomplished by motion for new trial in holding that rule 306a(5) motion timely filed); *Grondona,* 991 S.W.2d at 92 (same).

Moore Landrey filed its rule 306a(5) motion on June 12, 2002. As measured from the undisputed, May 15, 2002 date of first notice, June 12, 2002 was the 28th day of the trial court's reinvoked plenary power. Moore Landrey's motion was timely filed because it was filed within the period of the trial court's reinvoked plenary power. *See John,* 58 S.W.3d at 741. For the same reason, Moore Landrey timely filed its notice of appeal on May 28, 2002, the 13th day of the period of the trial court's reinvoked plenary power.

### Trial Court's Plenary Power Expired on June 14, 2002

In *John,* the supreme court addressed only the filing deadline that controls rule 306a(4) motions. *Id.* at 741. Because an extended plenary-power timetable applied in that case, by virtue of an appropriate postjudgment motion, specifically, a motion for new trial, there was no need to address the deadlines that determine the trial court's authority to rule on the motion, which is the issue raised here. *See id.*

As addressed above, the prima-facie showing established by Moore Landrey's rule 306a(5) motion timely reinvoked the trial court's plenary power to determine that Moore Landrey or its counsel first acquired notice of the April 9, 2002 judgment on May 15, 2002. The trial court's reinvoked plenary power thus began on that date. *See John,* 58 S.W.3d at 741. Moore Landrey's rule 306a(4) motion, however, was the only matter pending resolution before the trial court. No party ever filed a motion seeking a substantive change in the trial court's final summary judgment that might have extended the trial court's plenary power over that judgment. A proper rule 306a(5) motion, if timely filed, merely *restarts* the postjudgment timetable. *See John,* 58 S.W.3d

at 741; *Gillis,* 741 S.W.2d at 365; *Grondona,* 991 S.W.2d at 92. A rule 306a(4) motion does not *extend* the trial court's plenary power beyond the time periods defined by rules 306a(1) and 329b(d): as addressed above, the trial court's plenary power can be extended beyond that initial 30–day period solely by an appropriate motion that seeks a substantive change in the judgment. *See* Tex.R. Civ. P. 329b(a), (g); *Lane Bank Equip. Co.,* 10 S.W.3d at 314; *In re T.G.,* 68 S.W.3d at 176; *see also John,* 58 S.W.3d at 741 (recognizing extension of plenary power accomplished by motion for new trial); *Grondona,* 991 S.W.2d at 92 (same).

Despite having been reinvoked to determine Moore Landrey's rule 306a(4) motion, therefore, and despite the lack of a stated deadline for determination of a rule 306a(4) motion in the rule itself, the trial court's plenary power did not extend beyond the 30–day period of plenary power that controls when no party has filed an appropriate motion to extend the postjudgment period of plenary power.

■ Accordingly, although Moore Landrey timely reinvoked the trial court's plenary power by an undisputed, prima-facie showing of lack of notice of the April 9, 2002 judgment until May 15, 2002, the usual, 30–day postjudgment period of plenary power applied to this case. *Compare John,* 58 S.W.3d at 741 (noting extended period of plenary power). As measured from May 15, 2002, the trial court's plenary power over the April 9, 2002 judgment expired on the 30th day after May 15, 2002, specifically, on June 14, 2002. In order to benefit from rule 306a(4) and (5), therefore, Moore Landrey not only had to file its rule 306a(5) motion by June 14, 2002, which it did, but also had to obtain a ruling on its motion by June 14, 2002,

which it did not.[6] *See Cantu,* 878 S.W.2d at 132 (noting, in context of conditional grant of mandamus relief, that failure to obtain rule 306a(4) finding would preclude appeal). As addressed above, Moore Landrey did not file a notice of hearing on its rule 306a(5) motion until December 9, 2002 and did not obtain a ruling on the motion until December 16, 2002, over six months after the trial court's plenary power expired.

Moore Landrey disagrees that the trial court's plenary power expired on June 14, 2002 and contends that the trial court properly ruled on the motion over six months later. Moore Landrey first contends that a rule 306a(5) motion is similar to a motion to correct a judgment under rule 316 of the Rules of Civil Procedure, which a trial court may properly grant after its plenary power has expired. *See* Tex.R. Civ. P. 316 (authorizing trial court to correct clerical mistakes in judgment record); *see also* Tex.R. Civ. P. 306a(6) (stating that date of corrected judgment controls postjudgment deadlines when trial court signs corrected, "nunc pro tunc" judgment after plenary power has expired).

We reject Moore Landrey's reliance on rule 316 and conclude that the rule does not apply. A trial court does not correct a judgment in any respect by granting relief under rule 306a(4) and (5). Moreover, the trial court here did not sign a corrected judgment. As addressed above, the relief contemplated by rule 306a(4) and (5) is to restart the postjudgment timetable at the date of notice. In addition, rules 316 and 306a(6) do not apply because Moore Landrey's complaints on appeal challenge the original judgment, signed on April 9, 2002 and do not address a corrected judgment. *See* Tex.R. Civ. P. 306a(6) (stating that postjudgment periods under rule 306a(1) "run from the date of the corrected judgment with respect to any complaint that would *not* be applicable to the original document.") (emphasis added.); *see also* Tex.R.App. P. 4.3(b) (same).

In defending its premise that the trial court essentially retained unlimited plenary power to adjudicate rule 306a(4) issues, Moore Landrey relies on a recent memorandum opinion issued by the San Antonio Court of Appeals. *See Vaughn v. Sawyer,* No. 04–03–00297–CV, 2003 WL 21338615 (Tex.App.-San Antonio, June 11, 2003, no pet.) (not designated for publication). We first note that *Vaughn* differs from this case because the trial court had never ruled on the appealing party's rule 306a(4) motion. Slip op. at 2. Although the court of appeals noted, in dicta, that an order of abatement could issue to require the trial court to hold a hearing to rule on a rule 306a(4) motion, that process would have served no purpose because, even after using the appellant's date of receipt of notice, the notice of appeal was not timely filed. *See id.* Our sister court thus recognizes, as we recognize here, that rule 306a(4) motions remain subject to the usual timetables. *See id.* Although we further acknowledge that mandamus has conditionally issued to require a trial court to conduct a rule 306a(4) hearing and enter a finding of the date of actual notice, *see Cantu,* 878 S.W.2d at 132, neither is mandated here. Both occurred here, albeit tardily.

We likewise reject Moore Landrey's contention that its timely notice of appeal

---

6. The record does not support Moore Landrey's contention, asserted for the first time during oral submission of this case, that Moore Landrey requested a hearing on its rule 306a(5) motion within the period of the trial court's extended plenary power. In the record before us, the notice of hearing filed on December 9, 2002 is the only notice of hearing on Moore Landrey's motion.

empowered the trial court to rule on December 19, 2002. Nothing in the Rules of Civil or Appellate Procedure authorize this result, which would, we further note, negate the well-settled principles that we have outlined above. Indeed, Moore Landrey's contention conflicts with both procedural rules, which limit the starting date for the trial court's reinvoked plenary power to no more than 90 days after the challenged judgment. *See* Tex.R. Civ. P. 306a(4); Tex.R.App. P. 4.5(b); *see also Levit,* 850 S.W.2d at 470 (holding that trial court had no authority to grant rule 306a(4) motion alleging notice of judgment on 91st day following judgment).

### December 16, 2002 Order Void

 Judicial action taken after the trial court's plenary power has expired is void and a nullity. *In re Dickason,* 987 S.W.2d 570, 571 (Tex.1998); *In re T.G.,* 68 S.W.3d at 177. Because the trial court's plenary power, as reinvoked by Moore Landrey's rule 306a(4) motion, had expired when the trial court signed the December 16, 2002 order, that order is void and had no effect. *See In re Dickason,* 987 S.W.2d 570, 571 (Tex.1998); *In re T.G.,* 68 S.W.3d at 177. Parties affected by a void order, here Hirsch & Westheimer and Glover, need not appeal to set the void order aside. *See State ex rel. Latty v. Owens,* 907 S.W.2d 484, 486 (Tex.1995); *In re T.G.,* 68 S.W.3d at 178. But because Moore Landrey has attempted to appeal, we are authorized to declare void the order signed by the trial court on December 16, 2002. *See State ex rel. Latty,* 907 S.W.2d at 486; *In re T.G.,* 68 S.W.3d at 178. Accordingly, we declare the trial court's post-plenary-power order of December 16, 2002 void and dismiss Moore Landrey's appeal. *State ex rel. Latty,* 907 S.W.2d at 486; *In re T.G.,* 68 S.W.3d at 178.

### Conclusion

We declare the trial court's December 16, 2002 order void and dismiss the appeal for want of jurisdiction.