Opinion issued July 28, 2005 
     








.
In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00716-CV




MICHAEL SCOTT, Appellant

V.

DISTRICT ATTORNEY JOHN HEALEY JR., Appellee




On Appeal from the 240th District Court
Fort Bend County, Texas
Trial Court Cause No. 03-CV-133569




MEMORANDUM OPINION

          Appellant, Michael Scott, appeals the trial court’s dismissal of his petition for
writ of mandamus to compel appellee, Fort Bend County District Attorney John
Healey Jr., to file criminal charges against two correctional officers in Scott’s prison
facility. Concluding that we lack subject-matter jurisdiction, we dismiss the appeal.
Facts
          
          Upon Healey’s motion, the trial court dismissed Scott’s entire suit on April 8,
2004.


 Both parties agree that the clerk did not mail the notice required by Rule of
Civil Procedure 306a(3), notifying Scott of the dismissal, until May 6, 2004, more
than 20 days after the judgment’s signing. See Tex. R. Civ. P. 306a(3) (requiring
clerk to issue immediate notice); Tex. R. Civ. P. 306a(4) (“If within twenty days after
the judgment or other appealable order is signed, a party adversely affected by it or
his attorney has neither received the notice required by paragraph (3) of this rule nor
acquired actual knowledge of the order, then with respect to that party all the periods
mentioned in paragraph (1) shall begin on the date that such party or his attorney
received such notice or acquired actual knowledge of the signing, whichever occurred
first, but in no event shall such periods begin more than ninety days after the original
judgment or other appealable order was signed.”).
          Scott filed a motion, dated May 20, 2004 and filed by the clerk on May 24,
2004, entitled “motion for an extension of time to file motion for new trial.” We
construe this motion as one made under rule 306a(5) because, in it, Scott cited rule
306a, sought an extension to file a motion for a new trial due to the clerk’s failure to
mail the rule 306a(3) notice timely, and included an unsworn declaration.


 The trial
court never ruled on Scott’s 306a(5) motion, despite Scott’s subsequent request for
the trial court to make a “prompt ruling” on the motion.
          Scott then filed both a notice of appeal and a motion for new trial, both of
which were dated June 10, 2004 and filed on June 16, 2004. On July 22, 2004,
outside its 30-day plenary power as calculated from the April 8 dismissal judgment,
the trial court denied Scott’s motion for new trial.
Appellate Jurisdiction
          By “cross-point” on appeal, Healey asserts that we lack subject-matter
jurisdiction over the appeal because Scott failed to comply with the requirements of
rule 306a(5). See Tex. R. Civ. P. 306a(5); see also Tex. R. App. P. 4.2(a). We
construe this cross-point as a motion to dismiss the appeal. Scott responded to
Healey’s cross-point concerning appellate jurisdiction by reply brief. We thus deem
the form, procedure, and notice requirements of Rules of Appellate Procedure 10.1
and 42.3 to have been met. See Tex. R. App. P. 10.1, 42.3.
          The trial court retains plenary power for 30 days after a judgment is signed,
which allows the court to grant a new trial or to vacate, to modify, to correct, or to
reform the court’s judgment within that period. Tex. R. Civ. P. 329b(d). The date
that the trial court signs the judgment provides the beginning date for calculating the
court’s plenary power. Tex. R. Civ. P. 306a(1). 
          Rule 306a, however, provides an exception that allows a trial court to consider
a post-judgment motion filed more than 30 days after the judgment’s signing. See
Tex. R. Civ. P. 306a. Specifically, rule 306a(4) allows for an extension of the 30-day
period if the clerk does not notify a party adversely affected by the judgment of the
dismissal within 20 days after the judgment is signed. Tex. R. Civ. P. 306a(4). In
such a circumstance, the trial court’s 30-day plenary power will begin to run either
on the date that the party receives notice or the date that the party acquired actual
notice, whichever occurs first. Tex. R. Civ. P. 306a(4). 
          Rule 306a(4)’s extension is not automatic, however. See Tex. R. Civ. P.
306a(5); Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C., 126 S.W.3d 536, 540
(Tex. App.Houston [1st Dist.] 2003, no pet.). Rule 306a(5) requires a party
seeking to invoke rule 306a(4)’s extension (1) to file a sworn motion and serve notice
of hearing on it, (2) to prove in the trial court the date on which he first received
notice or acquired actual knowledge of the judgment, and (3) to prove that that date
was more than 20 days after the signing of the judgment. Tex. R. Civ. P. 306a(5). 
Furthermore, Rule of Appellate Procedure 4.2(c) requires that the trial court issue a
written order, pursuant to rule 306a, finding the date on which the party or its attorney
received notice or acquired actual knowledge. Tex. R. App. P. 4.2(c). Compliance
with rule 306a(5)’s and rule 4.2’s requirements is jurisdictional: if the trial court’s
plenary power is not properly extended by rule 306a, the court’s power ends 30 days
after the signing of the judgment, and the court is without jurisdiction to grant or to
deny a motion for new trial filed after the expiration of that period. Mem’l Hosp. of
Galveston County v. Gillis, 741 S.W.2d 364, 365 (Tex. 1988); see Moore Landrey,
L.L.P., 126 S.W.3d at 540. 
          Rule 306a(5) did not extend the trial court’s plenary power because the trial
court did not enter a written order finding the date on which Scott received notice or
acquired actual knowledge of the final judgment.


 See Tex. R. App. P. 4.2(c); Moore
Landrey, L.L.P., 126 S.W.3d at 542-43; see also Grondoma v. Sutton, 991 S.W.2d 90,
92 (Tex. App.—Austin 1998, pet. denied) (alternatively concluding that, even had
appellant established prima facie case under rule 306a(5), appellant still failed timely
to obtain ruling on rule 306a(5) motion, making notice of appeal untimely). 
Therefore, the trial court’s plenary power ended on May 8, 2004, 30 days after it
signed the dismissal judgment. See Cantu v. Longoria, 878 S.W.2d 131, 131-32
(Tex. 1994) (providing that, when trial court fails to determine when the party
received notice of the judgment under 4.2(c)’s predecessor (and thus under rule
306a(5)), party is precluded from pursuing appeal, but may instead pursue writ of
mandamus to compel trial court to rule on motion). Because Scott filed his motion
for new trial, and the trial court ruled on it, after the trial court’s plenary power had
expired, those acts were nullities. See In re Dickason, 987 S.W.2d 570, 571 (Tex.
1998); Wirtz v. Mass. Mut. Life Ins. Co., 898 S.W.2d 414, 419 n.2 (Tex.
App.—Amarillo 1995, no writ). 
          Scott’s notice of appeal was thus due by May 8, 2004. See Tex. R. App. P. 
26.1. Scott’s notice of appeal was not filed until June 2004, after the window of time
in which he could have filed (expressly or by implication) a motion to extend time to
file his notice of appeal. See Tex. R. App. P. 26.3; Verburgt v. Dorner, 959 S.W.2d
615, 617 (Tex. 1997). Failure timely to file a notice of appeal is a jurisdictional
defect for which the remedy is dismissal of the appeal. In re K.L.V., 109 S.W.3d 61,
67 (Tex. App.—Fort Worth 2003, pet. denied). Scott’s recourse, if any, does not lie
by appeal. See Cantu, 878 S.W.2d at 131-32.
Conclusion
          We dismiss the appeal for lack of subject-matter jurisdiction. 
 
 
Tim Taft
Justice

Panel consists of Justices Taft, Alcala, and Higley.