Opinion Issued September 22, 2005















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00660-CV




MELISSA M. EMBLER MURPHY, Appellant

V.

JONATHAN V. EMBLER, Appellee




On Appeal from the 309th District Court
Harris County, Texas
Trial Court No. 2001-18775




MEMORANDUM OPINION
          Appellant, Melissa M. Embler Murphy (“Murphy”), sued her ex-husband,
appellee, Johnathan V. Embler (“Embler”), seeking to recover certain military
retirement benefits that she claimed were owed to her pursuant to the parties’ divorce
decree. We determine whether we have jurisdiction over this appeal. Concluding
that we do not, we dismiss the appeal for want of jurisdiction.
Background
          Murphy filed suit in district court, alleging that Embler had violated their
divorce decree and agreement by purposefully avoiding payment of retirement
benefits owed to her. The district court entered judgment in favor of Embler and
signed the judgment on July 15, 2003. Murphy filed her motion for new trial on
April 20, 2004, asserting that the clerk had not properly notified her or her attorney
when the judgment was signed. Murphy filed her notice of appeal on June 4, 2004,
alleging that she has been denied due process.
Jurisdictional Prerequisites
          A notice of appeal must be filed within 30 days of the signing of the judgment,
unless either party files a timely motion for new trial, motion to modify the judgment,
motion to reinstate, or a request for findings of fact and conclusions of law, in which
case the notice of appeal must be filed within 90 days after the judgment is signed. 
Tex. R. App. P. 26.1. The date of a signed judgment determines the beginning of
periods for the trial court’s plenary power and for filing in the trial court various
documents including, but not limited to, motions for new trial. Tex. R. Civ. P.
306a(1). A motion for new trial is timely if filed prior to or within 30 days after the
judgment is signed. Tex. R. Civ. P. 329b(a). 
          Because the date on which the trial court signs its final judgment starts the
deadlines imposed by rules 306a(1) and 329b(a), as well as the deadline to perfect any
appeal under rule 26.1 of the Rules of Appellate Procedure, subsection (3) of rule
306a requires that trial-court clerks immediately notify the parties or their attorneys
of record by first-class mail when the judgment is signed. See Tex. R. Civ. P.
306a(1),(3), 329b(a); Tex. R. App. P. 26.1; Moore Landrey, L.L.P. v. Hirsch &
Westheimer, P.C., 126 S.W.3d 536, 539 (Tex.App.—Houston [1st Dist.] 2003, no
pet.). When more than 20 days have passed between the date that the trial court signs
the judgment and the date that a party receives the clerk’s notice or acquires actual
knowledge that the judgment has been signed, subsection (4) of rule 306a creates an
exception from rule 306a(1)’s provision that the date of the signed judgment starts the
post-judgment timetables. Tex. R. Civ. P. 306a(4); John v. Marshall Health Servs.,
58 S.W.3d 738, 740-41 (Tex. 2001); Moore Landrey, L.L.P., 126 S.W.3d at 539. 
Subsection (4) of rule 306a provides a procedure that enables the trial court to change
the start date from the actual date of the signed judgment to the date on which the
party received the clerk’s notice or acquired actual knowledge that the trial court
signed the judgment, whichever occurred first, as long as that date is not more than
90 days after the trial court signed the final judgment. Tex. R. Civ. P. 306a(4);
Marshall Health Servs., 58 S.W.3d at 741; Moore Landrey, L.L.P., 126 S.W.3d at
539. 
          A parallel provision of the Rules of Appellate Procedure affords additional
time under the appellate timetable to file appellate documents in accordance with the
procedures stated in rule 306a of the Rules of Civil Procedure. Tex. R. App. P.
4.2(a)(1). However, in no event may such period begin more than 90 days after the
original judgment or other appealable order was signed. Tex. R. Civ. P. 306a(4);
Tex. R. App. P. 4.2(a)(1); Levit v. Adams, 850 S.W.2d 469, 470 (Tex. 1993).
Jurisdiction
          By “cross-point” on appeal, Embler asserts that we lack subject-matter
jurisdiction over the appeal because Murphy failed to comply with the requirements
of rule 306a and, therefore, filed her notice of appeal too late. We construe this cross-point as a motion to dismiss the appeal. Murphy has responded by reply brief to
Embler’s cross-point concerning appellate jurisdiction. We thus deem the form,
procedure, and notice requirements of Rules of Appellate Procedure 10.1 and 42.3 to
have been met. See Tex. R. App. P. 10.1, 42.3. 
          Murphy responds by reply brief, as she argued below in her motion for new
trial, that due to a mistake on the part of the trial court clerk, neither she, nor her
attorney, received the required clerk’s notice. She contends that her attorney received
actual knowledge of entry of the trial court’s judgment sometime between April 18
and April 20, 2004, when her attorney physically inspected the court’s file. Murphy
also asserts that the improper notice violated her due process rights. 
          Murphy did not file a notice of appeal within 30 days after the judgment was
signed, nor did she bring herself within the exception to the 30-day rule by filing a
timely motion for new trial. See Tex. R. App. P. 26.1. The trial court’s judgment was
signed on July 15, 2003. Murphy filed a motion for new trial on April 20, 2004, 280
days after the judgment was signed, and filed a notice of appeal on June 4, 2004, 325
days after the judgment was signed.


 Her notice of appeal was thus untimely,
depriving us of jurisdiction over the appeal.  
          Murphy concedes that her notice of appeal was untimely and that rule 306a(4)
and (5) did not extend the trial court’s plenary power or the time in which she had to
file her notice of appeal. Instead, she argues as follows: 
In the instant matter, there can be no serious challenge that Appellant has
been denied due process of law, as Rule 306a(3) was not complied with
by the clerk of the Court, while the clerk was in possession of all the
information available. If the Court of Appeals determines that it is
without jurisdiction, the court should hold that Appellant has been denied
due process of law and set aside the entry of the order, directing the
parties to appear to present their objections, resulting in a timely filing
challenge of order, a timely motion for new trial and finally, if necessary,
notice of appeal [sic].
 
We have no jurisdiction to give the advisory opinion that Murphy requests. See
Verburgt v. Dorner, 959 S.W.2d 615, 617 (Tex. 1997); see also In re K.L.V., 109
S.W.3d 61, 67 (Tex. App.—Fort Worth 2003, pet. denied) (holding that times for
filing notice of appeal are jurisdictional and that appeal must be dismissed absent a
timely filed notice of appeal or extension request). Accordingly, we lack jurisdiction
over the appeal.



 
 
 
Conclusion
We dismiss the appeal for want of jurisdiction.
                    
 
 
 
 
                                                             Tim Taft
                                                             Justice
Panel consists of Justices Taft, Keyes, and Hanks.