Opinion issued January 13, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-01092-CV

———————————

James Landor, Appellant

V.

MOL
(America), Inc. and Mitsui Osk Lines, Appellees



 



 

On Appeal from the 165th District Court

Harris County, Texas



Trial Court Case No. 0614284

 



 

MEMORANDUM OPINION

          This
is an attempted appeal from the trial court’s take-nothing judgment on the
claims of appellant, James Landor, against appellees, MOL (America), Inc. and
Mitsui Osk Lines (“MOL” and “Mitsui,” respectively).

          MOL
and Mitsui moved to strike Landor’s notice of appeal, arguing that it was
untimely and that this Court lacked jurisdiction over his appeal.  Landor responded, contending that the trial
court entered final judgment on November 9, 2009, and thus his notice of
appeal, filed on December 15, 2009, was timely.

          However,
the record reflects that, following a trial on the merits of Landor’s claims in
trial court cause number 0614284, the trial court entered judgment on January
3, 2008.  This judgment was titled,
“FINAL JUDGMENT,” stated that the trial court “renders judgment for the
defendants,” “order[ed] that Plaintiff, JAMES LANDOR, take nothing by his
suit,” and explicitly denied “all relief not granted in this document.”  It then reiterated, “This is a FINAL
JUDGMENT.”  On January 8, 2008, Landor moved
for new trial, stating that, prior to trial, he had settled his claims against
the Port of Houston, one of MOL’s co-defendents, and had non-suited all of the
remaining defendants except for MOL and Mitsui. 
His motion for new trial requested a new trial on his claims against MOL
and Mitsui  because the jury’s verdict
was against the great weight and preponderance of the evidence.  The trial never ruled on the motion for new
trial, and it was overruled by operation of law.[1]  See Tex. R. Civ. P. 329b(c).

Thus, Landor’s notice of appeal was
due 90 days after the January 3, 2008 judgment was signed.  Landor’s notice of appeal, filed on December
15, 2009, was, therefore, untimely.  See Tex.
R. App. P. 26.1(a) (providing that notice of appeal must be filed within
90 days when there is timely filed motion for new trial); Tex. R. App. P. 26.3 (allowing motion
to extend time to file appeal to extend filing deadline).  An untimely notice of appeal fails to vest
jurisdiction in the court of appeals.  See Tex.
R. App. P. 25.1; Verburgt v.
Dorner, 959 S.W.2d 615, 616–17 (Tex. 1997).

We dismiss the appeal for want of
jurisdiction.  All pending motions are
dismissed as moot.

PER CURIAM

 

Panel
consists of Justices Keyes, Sharp, and Massengale.











[1]
          On November 9, 2009, twenty-two  months after entering final judgment, the
trial court signed an order granting Landor’s motion to non-suit Frederick
Trucking LLC, one of the parties that Landor had originally sued and that he had
represented in his January 8, 2008 motion for new trial as having been
non-suited prior to trial.  This November
9, 2009 order had no effect on the January 3, 2008 final judgment.  A trial on the merits of Landor’s claims had
already occurred, and, therefore, he no longer had a right to seek to non-suit
an individual party.  See Tex.
R. Civ. P. 162 (“At any time before
the plaintiff has introduced all of his evidence other than rebuttal
evidence, the plaintiff may dismiss a case, or take a non-suit. . . .”)
(emphasis added); see also C/S Solutions,
Inc. v. Energy Maint. Servs. Grp. LLC, 274 S.W.3d 299, 306–07 (Tex.
App.—Houston [1st Dist.] 2008, no pet.) (explaining that “a voluntary dismissal
that abandons the case as to certain parties and/or claims” is distinguishable
from “a pure Rule 162 nonsuit” of entire case and that such partial voluntary
dismissals are in substance amended pleadings). 
Furthermore, the trial court’s plenary power had already expired.  See
Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C., 126 S.W.3d 536,
538–39 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (stating that trial court’s plenary power expires 30 days after
signing final judgment unless parties timely file motion seeking substantive
change in judgment (citing Tex. R. Civ.
P. 329b (extending plenary power up to 105 days after signing final
judgment when timely motion for new trial is filed))).