**Reversed and Remanded and Memorandum Opinion filed November 22, 2022.**



In The

# Fourteenth Court of Appeals

### NO. 14-21-00386-CV

## UNIFUND CCR, LLC, Appellant

## V.

## GALEN B. RICE, Appellee

**On Appeal from the County Civil Court at Law No. 3
Harris County, Texas
Trial Court Cause No. 1154334**

## MEMORANDUM OPINION

Appellant Unifund CCR, LLC ("Unifund") appeals the denial of its motion to reinstate its lawsuit against appellee Galen B. Rice ("Rice"). In one issue, Unifund argues that the trial court erred when it denied its motion to reinstate the case on the trial court's docket. We reverse and remand to the trial court for further proceedings.

# I. BACKGROUND

On April 4, 2020, Unifund filed a lawsuit against Rice, asserting a claim for breach of contract and attorney's fees. On June 19, 2020, Unifund filed a combined no-evidence and traditional motion for summary judgment.

On February 11, 2021, the trial court issued an "Order For Trial Setting Via Video Conference," setting the case for a bench trial on April 20, 2021. The order contained the names and addresses of counsel of record. On April 23, 2021, Unifund filed a "Notice of Re-setting Zoom Hearing on Plaintiff's Traditional and No-Evidence Motion For Summary Judgment," setting a hearing on Unifund's combined motion for summary judgment for June 21, 2021. Unifund did not appear at the bench trial on April 20, 2021, and eight days later, the trial court signed an order dismissing Unifund's lawsuit for want of prosecution.

On June 16, 2021, Unifund filed a verified motion to reinstate the case, arguing that Unifund's counsel "inadvertently failed to attend the trial on April 20, 2021 because counsel did not receive notice of trial setting." Unifund further averred that it first learned of the dismissal on June 1, 2021. Rice filed a response and objection to Unifund's motion to reinstate, arguing that the conduct of Unifund leading to dismissal was the result of conscious indifference and not due to accident or mistake because the trial court (1) "mailed out its Order for Oral Setting via Video Conference on February 11, 2021, but [Unifund] failed to appear"; and (2) "timely mailed out its Order of Dismissal on April 28, 2021 giving [Unifund] knowledge of the signing of the order of dismissal within 20 days after the order was signed." Rice's response to Unifund's motion to reinstate attached the clerk's notices of the trial order and the dismissal order showing

Unifund's counsel's name and address. On June 28, 2021, following a hearing,[1] the trial court denied Unifund's motion to reinstate. This appeal followed.

## II. DISCUSSION

In its sole issue, Unifund argues that the trial court erred when it denied its motion to reinstate the case.

### A. STANDARD OF REVIEW

We review a trial court's decision to dismiss for want of prosecution for a clear abuse of discretion. *See MacGregor v. Rich*, 941 S.W.2d 74, 75 (Tex. 1997). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *See Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003); *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985).

### B. APPLICABLE LAW

A defendant who has made an appearance in a case is entitled to notice of the trial setting. *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam). Furthermore, a party must be provided with notice and an opportunity to be heard before a trial court may dismiss a case for want of prosecution under either its inherent powers or Texas Rule of Civil Procedure 165a. *See* Tex. R. Civ. P. 165a; *Villarreal v. San Antonio Truck & Equip.*, 994 S.W.2d 628, 630 (Tex. 1999).

> A case may be dismissed for want of prosecution on failure of any party seeking affirmative relief to appear for any hearing or trial of which the party had notice. Notice of the court's intention to dismiss and the date and place of the dismissal hearing shall be sent by the clerk to each attorney of record, and to each party not represented by

---

[1] No reporter's record was made of the hearing on Unifund's motion to reinstate.

an attorney and whose address is shown on the docket or in the papers on file, by posting same in the United States Postal Service.

Tex. R. Civ. P. 165a(1). "A motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney." Tex. R. Civ. P. 165a(3). The motion shall be filed with the clerk within thirty days after the order of dismissal is signed or within the period provided by Rule 306a. *Id.* The court shall reinstate the case upon finding after a hearing that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained. *Id.*

> The date of judgment or order is signed as shown of record shall determine the beginning of the periods prescribed by these rules for the court's plenary power to grant a new trial or to vacate, modify, correct or reform a judgment or order and for filing in the trial court the various documents that these rules authorize a party to file within such periods including . . . motions to reinstate a case dismissed for want of prosecution . . . .

Tex. R. Civ. P. 306a(1).

> If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.

> In order to establish the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

Tex. R. Civ. P. 306a(4).

4

An attorney's sworn motion providing that the attorney did not receive the clerk's notice in a timely manner constitutes prima facie evidence that notice was not received, but it is not conclusive. *See Texaco, Inc. v. Phan*, 137 S.W.3d 763, 767 (Tex. App.—Houston [1st Dist.] 2004, no pet.). Opposing counsel may raise a fact question on the issue by presenting "sworn affidavits or live testimony from someone in clerk's office, or [a] copy of the clerk's notice or return receipt." *Tran v. Hong Kong Dev. Corp.*, No. 01-13-00613-CV, 2014 WL 4219470, at *5 (Tex. App.—Houston [1st Dist.] Aug. 26, 2014, pet. denied) (mem. op.).

## C.  ANALYSIS

A presumption of receipt arises when a party presents evidence that a document was placed in the United States mail with the proper address and sufficient postage. *Southland Life Ins. v. Greenwade,* 159 S.W.2d 854, 857 (Tex. 1942); *Phan,* 137 S.W.3d at 767. Direct testimony that a letter was properly addressed, stamped, and mailed to the addressee, or a copy of the clerk's notice or return receipt raises a presumption that the letter was received by the addressee in due course. *See Phan,* 137 S.W.3d at 767; *Tran*, 2014 WL 4219470, at *5. The matters of proper addressing, stamping, and mailing may be proved by circumstantial evidence, such as the customary mailing routine of the sender's business. *Phan,* 137 S.W.3d at 767.

Here, Unifund's verified motion to reinstate averred that Unifund's counsel did not receive notice of the trial setting for April 20, 2021, and that Unifund's counsel first learned of the trial court's order of dismissal on June 1, 2021. This established prima facie evidence of lack of notice, and the burden then shifted to Rice to raise a fact issue. *See Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C.*, 126 S.W.3d 536, 540 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Rice responded, opposed Unifund's motion, and attached copies of the clerk's notices of

5

the trial setting and the order of dismissal which contained each party's counsel information.

We find this court's prior opinion in *Phan* instructive. In *Phan*, the plaintiffs were awarded a default judgment after the defendant failed to answer. *Phan,* 137 S.W.3d at 766. The defendant moved the trial court to determine the date the defendant had received notice, claiming it did not receive notice of the judgment. *Id.* The plaintiffs "presented testimony by the Harris County District Clerk raising the presumption of receipt in due course of the default judgment." *Id.* at 768.

> The district clerk testified that she entered the information regarding the default judgment into the Harris County Justice Information Management System ("JIMS"). JIMS automatically generated a notice containing all of the default-judgment information. The notice was then picked up by Gulf Coast Presort, a mailing service vendor, which placed first-class postage on the notice and mailed the notice first class. The notice was addressed to Prentice Hall, Texaco's registered agent for service of process. Although there was no direct evidence of actual mailing, the clerk's description of the customary mailing procedures relating to the mailing of notices allowed the presumption of receipt in due course to arise.

*Id.*

Here, Rice merely introduced a copy of the trial and dismissal orders, which list the name and address of Unifund's attorney. No evidence was introduced regarding the mailing of the orders and no proof of receipt was provided that would support the application of a presumption of receipt by Unifund. *Cf.* Tex. R. Civ. P. 21a(b)(1); *Phan,* 137 S.W.3d at 768. The verified motion establishes that Unifund did not receive notice of the hearing on its motion for summary judgment or the dismissal of its lawsuit until June 1, 2021. Furthermore, the verified motion to reinstate provides that Unifund's counsel pursued Unifund's summary judgment motion and appeared to argue the motion on June 1, 2021, based on a mistaken belief that the hearing on the motion was set for that date. We cannot conclude that

Unifund's failure to appear was the result of intentional conduct or the result of conscious indifference, and we conclude that Unifund's failure to appear at trial was due to an accident or mistake. *See* Tex. R. Civ. P. 165a(3). Thus, we conclude that the trial court erred when it denied Unifund's motion to reinstate. *See id.*; *Tran*, 2014 WL 4219470, at *5.

On appeal, Rice argues that the trial court lost plenary power over the judgment on May 28, 2021, and thus, the trial court did not have plenary power to grant Unifund's motion to reinstate, which was filed on June 16, 2021. The trial court's final order was signed on April 28, 2021. Generally, a trial court loses plenary power thirty days after it signs its final judgment or order. Tex. R. Civ. P. 329b(d). However, if within twenty days after the judgment, a party adversely affected by the judgment or his attorney has not received notice of the judgment or acquired actual knowledge of it, then with respect to that party the thirty-day period following the signing of the judgment for the purpose of the trial court's plenary power begins "on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such period[] begin more than ninety days after the original judgment or other appealable order was signed." Tex. R. Civ. P. 306a(4).

Unifund provided in its verified motion to reinstate that it first learned of the trial court's dismissal order on June 1, 2021. Accordingly, the trial court had plenary power when Unifund filed its motion to reinstate, which was within the thirty-day period. *See* Tex. R. Civ. P. 306a(4), 329b(d).

Rice further argues that the trial court could have imputed actual knowledge of the signing of the dismissal order by Unifund's counsel because counsel appeared to request a hearing on its motion for summary judgment at a date after the signing of the dismissal order. However, there is no evidence in the record that

7

Unifund's counsel appeared to request a hearing on its motion for summary judgment at any time before June 1, 2021, nor does Rice point us to any; instead, the record shows that Unifund appeared for the first time after the dismissal on June 1, 2021 to argue its summary judgment motion. The motion to reinstate provides that this was the date when counsel learned of the dismissal of the lawsuit. We reject Rice's arguments on appeal.

We sustain Unifund's sole issue.

### III. CONCLUSION

We reverse the trial court's order and remand for further proceedings.


/s/    Margaret "Meg" Poissant
Justice

Panel consists of Justices Wise, Poissant, and Wilson.