**Opinion issued May 20, 2024**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-24-01004-CV**

———————————

## IN RE DANNIE SMITH, Relator

---

**Original Proceeding on Petition for Writ of Mandamus**

---

### MEMORANDUM OPINION

Relator, Dannie Smith, filed a petition for writ of mandamus challenging the trial court's November 4, 2024 "Order Granting Motion to Set Aside Default Judgment" of real party in interest, City Classic Cars Repair and Restoration Group, LLC, doing business as City Classic Cars and doing business as Restorations by Sabra ("City Classic").[1] In his petition, relator argued that the trial court abused its

---

[1] The underlying case is *Dannie Smith v. City Classic Cars Repair and Restoration Group, LLC d/b/a City Classic Cars and d/b/a Restorations by Sabra*, Cause No.

discretion by granting the motion to set aside the default judgment and reinstating the underlying cause because the trial court's plenary power had expired at the time of the trial court's order. Relator's mandamus petition requested that this Court issue a writ of mandamus directing the trial court to "overturn, vacate, and dissolve the November 4, 2024 Order Granting Motion to Set Aside Default Judgment" and to "[d]eclare the trial court's November 4, 2024 Order granting [City Classic's] Motion to Set Aside Default Judgment void."

At the request of the Court, City Classic filed a response to the petition for writ of mandamus. Relator also filed a reply in support of his petition.

We conditionally grant relator's petition for writ of mandamus.

## Background

Relator filed the underlying cause against City Classic on April 8, 2024, alleging causes of action for breach of contract, conversion, civil theft, and violations of the Texas Deceptive Trade Practices Act. The mandamus record reflects that service of process of relator's suit was effectuated on City Classic on April 10, 2024. On June 4, 2024, relator filed a Motion for Default Judgment because City Classic had "failed to appear and answer as required" by the Texas Rules of Civil Procedure.

---

2024-21926, in the 11th District Court of Harris County, Texas, the Honorable Kristen Brauchle Hawkins presiding.

Relator therefore requested that the trial court find City Classic "to be in default and render a default judgment against" City Classic.

The Motion for Default Judgment was set on the trial court's oral argument docket, and on July 15, 2024, was heard by the trial court. The mandamus record reflects that City Classic did not appear at the hearing, and the trial court signed a Default Judgment in favor of relator on July 15, 2024.

On September 20, 2024, sixty-seven days after the Default Judgment was signed by the trial court, City Classic filed a Motion to Set Aside Default Judgment. In its motion, City Classic requested that the Default Judgment be set aside and the case be reinstated on the trial court's docket. The motion argued that reinstatement was appropriate because City Classic "retained counsel to defend against this suit prior to entry of the default judgment and did not intentionally fail to file an answer." City Classic further stated that it "believed the matter was being handled by its counsel and that an answer would be filed by its counsel."

City Classic therefore asserted that, despite retaining counsel to answer the suit, its failure to do so was "a result of mistake or excusable neglect." City Classic further asserted that relator failed to comply with Texas Rule of Civil Procedure

239a by providing an inadequate certificate of last known address for City Classic in connection with seeking the default judgment.[2]

On October 18, 2024, relator filed his response to the Motion to Set Aside Default Judgment, arguing that City Classic was not entitled to the relief requested because: (1) the Motion to Set Aside Default Judgment was not timely and (2) City Classic failed to meet the requirements of the "*Craddock* Test."[3] In support of its Motion to Set Aside Default Judgment, City Classic filed an "Unsworn Declaration of Sabra Johnson" on November 4, 2024. The declaration stated that Sabra Johnson was the managing member of City Classic, and that his address was 16548 Stuebner Airline Road, Spring, Texas 77379. That same day, the trial court held an oral argument on City Classic's motion. During the hearing, City Classic argued, for the first time, that its Motion to Set Aside Default Judgment was timely because it was not served with the Default Judgment within twenty days of its entry. City Classic

---

[2]　*See* TEX. R. CIV. P. 239a (requiring party taking default judgment to provide trial court last known address of party against whom default is taken).

[3]　*See Foley v. Benavides-Foley*, No. 01-22-00657-CV, 2024 WL 116934, at *2 (Tex. App.—Houston [1st Dist.] Jan. 11, 2024, no pet.) (mem. op.) (citing *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124 (Tex. 1939)) ("A no-answer default judgment should be set aside and a new trial granted when the defaulting party establishes the three *Craddock* elements: (1) the failure to appear was not intentional or the result of conscious indifference, but was the result of accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the new motion will occasion no delay or otherwise injure the plaintiff.").

asserted therefore that it had up to ninety days to file the Motion to Set Aside Default Judgment under Texas Rule of Civil Procedure 306a.[4]

The trial court signed an order granting City Classic's Motion to Set Aside Default Judgment, vacating its Default Judgment and reinstating the case to the trial court's docket on November 4, 2024. On December 19, 2024, relator filed his petition for writ of mandamus with this Court. In his mandamus petition, relator asserted that the trial court abused its discretion by granting the Motion to Set Aside Default Judgment after its plenary power had expired, making the trial court's November 4, 2024 order void.

On April 4, 2025, relator filed a motion to stay the underlying trial court proceedings pending the Court's review and disposition of the petition for writ of mandamus. The Court granted relator's motion and stayed the underlying trial court proceedings.

---

[4] *See* TEX. R. CIV. P. 306a(4) ("If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment or other appealable order was signed.").

## Standard of Review

Mandamus is an extraordinary remedy that is only available in limited circumstances. *See Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). Mandamus relief is only appropriate where the relator establishes that the trial court abused its discretion or violated a legal duty imposed by law, and the party has no adequate remedy by appeal. *See id.*; *see also In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023). A trial court clearly abuses its discretion where it "acts with disregard of guiding rules or principles or in an arbitrary or unreasonable manner," or if it fails to analyze or apply the law correctly. *In re Kappmeyer*, 668 S.W.3d at 655.

"Mandamus relief is appropriate when a trial court issues an order after its plenary power has expired." *In re Brookshire Grocery Co.*, 250 S.W.3d 66, 68 (Tex. 2008). Such an order is void and constitutes an abuse of discretion. *In re Sw. Bell Tel. Co.*, 35 S.W.3d 602, 605 (Tex. 2000). Because the order is void, the relator need not establish that he lacks an adequate remedy by appeal. *Id.*

## Analysis

In his mandamus petition, relator argued that the trial court abused its discretion by granting City Classic's Motion to Set Aside Default Judgment and reinstating the case on the trial court's active docket because the trial court's plenary power had expired. Relator's mandamus petition presents a straightforward question

for this Court's consideration: did the trial court have plenary power at the time it set aside the default judgment? If so, relator is not entitled to mandamus relief. If not, the trial court erred, the November 4, 2024 order is void, and relator is entitled to the mandamus relief requested.

Plenary power refers to the period of time in which a trial court retains jurisdiction to vacate its judgment by granting a new trial, or in which it may modify or correct its judgment. *See* TEX. R. CIV. P. 329b(d); *see also In re Gillespie*, 124 S.W.3d 699, 702 (Tex. App.—Houston [14th Dist.] 2003, orig. proceeding). Generally, a trial court retains plenary power for thirty days after entry of a judgment, though certain post-judgment motions, such as a motion for new trial, or motion to modify, vacate, or correct a judgment, will extend the trial court's plenary power. *See* TEX. R. CIV. P. 329b(d)-(e). However, a post-judgment motion must be filed within thirty days to extend the trial court's plenary power. *See* TEX. R. CIV. P. 329b(a).

Absent a timely filed post-judgment motion, the trial court's plenary power expires after thirty days, and any action taken by the trial court after that date is void. *See Mills v. Holden*, No. 01-19-00681-CV, 2019 WL 6703930, at *1 (Tex. App.—Houston [1st Dist.] Dec. 10, 2019, no pet.) (mem. op.) (concluding late motion for new trial did not extend trial court's plenary power); *see also Moore Landrey, L.L.P. v. Hirsch & Westheimer, P.C.*, 126 S.W.3d 536, 543 (Tex. App.—Houston [1st

7

Dist.] 2003, no pet.) ("Judicial action taken after the trial court's plenary power has expired is void and a nullity.").

City Classic's Motion to Set Aside Default Judgment was the equivalent of a motion for new trial filed under Texas Rule of Civil Procedure 329b. *See Lab'y Corp. of Am. v. Mid-Town Surgical Ctr., Inc.*, 16 S.W.3d 527, 528 (Tex. App.—Dallas 2000, no pet.) ("We deem appellant's motion to set aside the default judgment to be a motion for new trial because a motion for new trial following a default judgment requests that the default judgment be set aside."); *see also Williams v. Kaboomracks, Inc.*, No. 01-23-00214-CV, 2024 WL 5126841, at *3 (Tex. App.—Houston [1st Dist.] Dec. 17, 2024, no pet.) (mem. op.). Accordingly, as a motion for new trial, to be timely, City Classic's motion was required to be "filed prior to or within thirty days after the judgment or other order complained of [was] signed." *See* Tex. R. Civ. P. 329b(a).

The Default Judgment was signed by the trial court on July 15, 2024. Thus, any motion for new trial was required to be filed no later than August 14, 2024. However, City Classic's Motion to Set Aside Default Judgment was filed on September 20, 2024, sixty-seven days after the trial court's Default Judgment was signed. City Classic's motion was therefore not timely filed, and the trial court's plenary power expired on August 14, 2024. The trial court's November 4, 2024

8

Order Granting Motion to Set Aside Default Judgment appears to have been signed after its plenary power had expired.

In its Motion to Set Aside Default Judgment, City Classic seemingly acknowledged that its motion was untimely, noting that Texas Rule of Civil Procedure 306a(4) provides that an "adversely affected party . . . has up to ninety (90) days after the original judgment . . . was signed to file its [m]otion to reconsider or set aside a default judgment." Similarly, in its response to the petition for writ of mandamus, City Classic argued that its Motion to Set Aside Default Judgment was timely because it "was filed within ninety (90) days of the default judgment."

As a general rule, deadlines begin to run from the date a judgment or other appealable order is signed. *See* TEX. R. CIV. P. 306a(1). However, "[i]f within twenty days after the judgment or other appealable order is signed," the adversely affected party has not received notice of the judgment, nor acquired actual knowledge of the judgment, deadlines "shall begin on the date that [the adversely affected party] received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall such periods begin more than ninety days after the original judgment . . . was signed." TEX. R. CIV. P. 306a(4).

The application of Texas Rule of Civil Procedure 306a(4) is not automatic. To alter the date by which deadlines begin to run under rule 306a(4), the adversely affected party "is required to prove in the trial court, on sworn motion and notice,

the date on which the party . . . first either received notice of the judgment or acquired actual knowledge of the signing." *See* TEX. R. CIV. P. 306a(5); *see also Stephens v. Luman*, No. 01-24-00955-CV, 2025 WL 966757, at \*1 (Tex. App.—Houston [1st Dist.] Apr. 1, 2025, no pet.) (mem. op.). It is here that City Classic's attempt to invoke rule 306a fails, because the mandamus record presented does not indicate that City Classic filed a motion complying with the requirements of rule 306a(5) in the trial court to establish the date it received notice of the trial court's November 4, 2024 Default Judgment.

Absent a motion adequately seeking relief under rule 306a, the effective date of the Default Judgment in this case is the date it was signed, July 15, 2024, and any motion for new trial was due within thirty days of that date, on or before August 14, 2024. City Classic's Motion to Set Aside Default Judgment, filed on September 20, 2024, was untimely, and the trial court's plenary power had expired when it signed the complained of order. Because the trial court's plenary power had expired at the time the November 4, 2024 Order Granting Motion to Set Aside Default Judgment was signed by the trial court, that order is void and has no effect. *See Moore Landrey, L.L.P.*, 126 S.W.3d at 543.

We note that, in its Motion to Set Aside Default Judgment, City Classic asserted that relator failed to "provide an adequate Certificate of Last Known Address" as required by Texas Rule of Civil Procedure 239a. *See* TEX. R. CIV. P.

239a ("At or immediately prior to the time an interlocutory or final default judgment is rendered, the party taking the same or his attorney must certify to the clerk in writing the last known email address and mailing address of the party against whom the judgment is taken, which certificate shall be among the papers in the cause."). The mandamus record reflects that, as an exhibit to his Motion for Default Judgment, relator filed a "Certificate of Last Known Address" for City Classic.

Relator's Certificate of Last Known Address identified City Classic's address as 16548 Stuebner Airline Road, Spring, Texas 77379. In its Motion to Set Aside Default Judgment, City Classic argued that relator provided the wrong address, stating that relator "was aware that the last known mailing address for [City Classic] was 25700 Interstate 45, STE 4119, The Woodlands, Texas 77386."

During the hearing on City Classic's Motion to Set Aside Default Judgment, counsel for relator argued that the Interstate 45 address referenced by City Classic is that of its registered agent, not City Classic. On the other hand, the address included in his Certificate of Last Known Address, according to relator, was the address of Sabra Johnson, City Classic's managing member, and the address provided on City Classic's repair orders at issue in the underlying dispute.

Even assuming relator's Certificate of Last Known Address was inadequate, and relator failed to comply with the requirements of Texas Rule of Civil Procedure 239a, which this opinion does not conclude, the trial court's order would remain void

11

because rule 239a does not impact, alter, or extend a trial court's plenary power. *See John v. State*, 826 S.W.2d 138, 140 n.2 (Tex. 1992) ("When a defaulting party does not receive any actual or official notice, rule 306a(4) of the Texas Rules of Civil Procedure provides a limited extension of time before the judgment becomes final and the trial court loses its plenary power. After that limited extension of time has lapsed, the clerk's failure to send notice will not affect the finality of the judgment."). While the failure to comply with rule 239a may act as evidence of the lack of notice of the default judgment, it does not, in and of itself, "affect the finality of the judgment," and extending a trial court's plenary power requires filing a motion complying with rule 306a. *See* TEX. R. CIV. P. 239a; *see also Nat'l Advert. Co. v. Smith*, Nos. 01-98-00121-CV, 01-98-01358-CV, 1999 WL 681957, at *8–9 (Tex. App.—Houston [1st Dist.] Aug. 31, 1999, orig. proceeding) (not designated for publication) (stating that party which does not receive notice of default judgment as required by rule 239a seeking to extend trial court's plenary power must seek relief in compliance with rule 306a). The record does not indicate that City Classic filed a motion complying with rule 306a.

## Conclusion

We conclude that City Classic failed to timely file its Motion to Set Aside Default Judgment, and the trial court's plenary power therefore expired on August 14, 2024. Accordingly, the trial court abused its discretion by signing the November

12

4, 2024 Order Granting Motion to Set Aside Default Judgment which was signed after its plenary power expired. The November 4, 2024 Order Granting Motion to Set Aside Default Judgment and is void and of no effect.

We therefore conditionally grant relator's petition for writ of mandamus, lift the stay imposed by our April 25, 2025 order, and direct the trial court to vacate its November 4, 2024 Order Granting Motion to Set Aside Default Judgment. We are confident that the trial court will comply with this Court's ruling, and the writ will issue only if the trial court fails to comply within thirty days of the date of this opinion. All pending motions are dismissed as moot.


David Gunn
Justice

Panel consists of Chief Justice Adams and Justices Gunn and Guiney.