**AAA NAVI CORPORATION, Appellant,**

v.

**PARROT–ICE DRINK PRODUCTS OF AMERICA, LTD., Appellee.**

No. 12–03–00066–CV.

Court of Appeals of Texas, Tyler.

Aug. 27, 2003.

John F. Berry, Tyler, for appellant.

Ronnie Horsely, for appellee.

Panel consisted of WORTHEN, C.J., GRIFFITH, J., and DeVASTO, J.

### OPINION

DIANE DeVASTO, Justice.

AAA Navi Corporation ("AAA") appeals the trial court's entry of a no-answer default judgment in favor of Parrot–Ice Drink Products of America, Ltd. ("Parrot–Ice"). AAA raises one issue on appeal. We reverse and remand for a new trial.

#### BACKGROUND

Parrot–Ice filed its first amended petition on or about March 12, 2002, seeking recovery from AAA on a sworn account. The record reflects that a return of service was filed on or about June 26, 2002, indicating that service was executed in Travis County, Texas, by delivering citation to the Secretary of State for the State of Texas. On September 12, 2002, the trial court entered a no-answer default judgment against AAA. On February 25, 2003, AAA filed a notice of restricted appeal. On February 26, 2003, Parrot–Ice filed an unexecuted return of service, indicating that on January 17, 2002, service was attempted on AAA through David Swaim, but that no one at the business located for the past five years at 12222 Merit, Suite 1450, had any knowledge of such a person and that no other address was found for David Swaim.

#### NO-ANSWER DEFAULT JUDGMENT

The Texas Rules of Civil Procedure have been developed by our courts to protect the rights of all litigants. *Seib v. Bekker*, 964 S.W.2d 25, 27 (Tex.App.-Tyler 1997, no pet.). One of the two basic judicial decisions a trial judge must make before rendering and entering a default judgment is that the court has jurisdiction of the subject matter and the parties to the suit. *See Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex.1968). Such a decision cannot possibly be clerical because the court has no more solemn judicial obligation than that of seeing that no litigant is unjustly saddled with a judgment in the absence of notice and a hearing. *Id.* at 138–39. As such, the trial court has a duty to ascertain and determine that the defendant has been duly served with citation and that he does not have an answer on file. *Id.* at 139; *see also* TEX.R. CIV. P. 107.

It follows that the return of service of process under Rule 107 is not a trivial or formulaic document. *See Seib*, 964 S.W.2d at 28. The supreme court requires that strict compliance with the rules for service of citation affirmatively appear in the record in order for a default judgment

to withstand direct attack.[1]  *See Silver,* 884 S.W.2d at 152.  We review the entire record to determine whether a lack of jurisdiction is apparent, thereby invalidating the trial court's judgment.  *See Dezso v. Harwood,* 926 S.W.2d 371, 373 (Tex. App.-Austin 1996, writ denied).

When the defendant is a corporation, service of process is governed by the Texas Business Corporation Act.  *See G.F.S. Ventures, Inc. v. Harris,* 934 S.W.2d 813, 816 (Tex. App Houston [1st Dist.] 1996, no pet.).  The Act places a duty upon corporations to maintain a registered agent and office, and to notify the Secretary of State of any change to either.  *Id.;* TEX. BUS. CORP. ACT ANN. arts. 2.09, 2.10, 2.10–1 (Vernon 2003); *RWL Constr., Inc. v. Erickson,* 877 S.W.2d 449, 451 (Tex.App.-Houston [1st Dist.] 1994, no writ).  The Act provides that the secretary of state becomes the agent for service of process of a corporation whenever a corporation fails to maintain a registered agent in Texas, or whenever its registered agent cannot be found with reasonable diligence at the registered office.  *See* TEX. BUS. CORP. ACT ANN. art. 2.11(B)(Vernon 2003).

In its sole issue, AAA contends that the record is devoid of evidence that it was served in strict compliance with the law.  Specifically, AAA argues that the record does not reflect that Parrot–Ice exercised due diligence in attempting to serve an agent of AAA prior to effecting service on the secretary of state.  We agree.

The use of reasonable diligence in attempting to serve a corporation's agent is a prerequisite to attempting service through the secretary of state.  *See,*

*e.g., Houston's Wild West, Inc. v. Salinas,* 690 S.W.2d 30, 32 (Tex.App.-Houston [14th Dist.] 1985, writ ref'd n.r.e.) (concluding that appellee used reasonable diligence in attempting service on the appellant's registered agent, completing all prerequisites of Article 2.11 before taking the final step of serving the secretary of state).  Parrot–Ice argues that the unexecuted return of service it filed on February 26, 2003 is evidence that it satisfied the prerequisites of service pursuant to Article 2.11.  However, an appellate court can consider only the record as filed and cannot consider documents not included in the record and not considered by the trial court.  *See In re J.N.R.,* 982 S.W.2d 137, 140 n. 3 (Tex. App.-Houston [1st Dist.] 1998, no pet.), *overruled on other grounds, In the Interest of C.H.,* 89 S.W.3d 17, 26 (Tex.2002).  Moreover, Texas Rule of Appellate Procedure 34 does not permit the trial court to change the record once the appeal has been perfected.  *See, e.g., Laidlaw Waste Sys., Inc. v. Wallace,* 944 S.W.2d 72, 73 (Tex.App.-Waco 1997, writ denied) (court of appeals could not consider clerk's affidavit explaining service of process procedures); *Gerdes v. Marion State Bank,* 774 S.W.2d 63, 65 (Tex.App.-San Antonio 1989, writ denied) (trial court could not add file mark to citation after case was appealed); *see also Armstrong v. Minshew,* 768 S.W.2d 883, 884 (Tex.App.-Dallas 1989, no writ) (review limited to the record as it existed before the trial court at the time the default judgment was rendered).  Thus, we may not consider the unexecuted return filed after AAA perfected its appeal on February 25, 2003.  *See* TEX.R.APP. P. 25.1(a) (appeal perfected when written notice of appeal filed with trial court clerk).  Our review of the record has not uncov-

---

1.  A restricted appeal is considered a direct attack on a default judgment.  *See Lewis v. Ramirez,* 49 S.W.3d 561, 564 (Tex.App.-Corpus Christi 2001, no pet.).  In the face of such a direct attack, there are no presumptions in favor of valid issuance, service, or return of the citation.  *See Primate Const., Inc. v. Silver,* 884 S.W.2d 151, 152 (Tex.1994).

ered any evidence that Parrot Ice exercised reasonable diligence in attempting to serve AAA's agent prior to accomplishing service through the secretary of state. As the record does not reflect that Parrot–Ice met the prerequisites set forth in Article 2.11, the trial court could not reasonably conclude that AAA had been served in strict compliance with the law. We hold that the trial court's lack of jurisdiction is apparent. AAA's sole issue is sustained.

### CONCLUSION

The party requesting service should carry a heavy burden before its opponent loses the right to be heard on the merits of the lawsuit. *See Wallace*, 944 S.W.2d at 75. Because Parrot–Ice failed to meet its heavy burden, we sustained AAA's sole issue. Accordingly, we *reverse* the judgment of the trial court and *remand* this cause for a new trial.