

# NUMBER 13-17-00128-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**BENJAMIN JAY SANDOVAL,**                            **Appellant,**

**v.**

**DESIREE GALE SANDOVAL,**                            **Appellee.**

---

### On appeal from the County Court at Law No. 2
### of Hidalgo County, Texas.

---

# MEMORANDUM OPINION

### Before Chief Justice Contreras and Justices Longoria and Hinojosa
### Memorandum Opinion by Justice Hinojosa

Pro se appellant Benjamin Jay Sandoval (Benjamin) filed for divorce against appellee Desiree Gale Sandoval (Desiree), which included a suit affecting the parent-child relationship wherein the trial court ordered Benjamin to pay child support among other things. By four issues, which we construe as three, Benjamin claims the trial court erred by improperly: (1) calculating his United States Department of Veterans Affairs

disability benefits as a net resource for income purposes in the calculation of child support and arrearages, (2) requiring Benjamin to be the sole provider of cash medical support, and (3) requiring Benjamin to pay child support arrearages. We affirm.

## I. BACKGROUND

Following a final divorce hearing, the trial court ordered Benjamin to pay Desiree monthly child support of $975.00 along with cash medical support in the amount of $143.00. Additionally, the trial court ordered Benjamin to pay child support and medical support arrearages in the amount of $4,900.00. This appeal followed.[1]

## II. CHILD SUPPORT AND ARREARAGES

In his first point of error, Benjamin contends that he is entitled to a modification of child support because the trial court improperly included his United States Department of Veterans Affairs disability benefits as a net resource for the calculation of child support and arrearages. Specifically, Benjamin argues that Texas Family Code section 154.062(b)(5) is unconstitutional. *See* TEX. FAM. CODE ANN. § 154.062(b)(5) (West, Westlaw through 2017 1st C.S.) (child support resources include "all other income actually being received, including . . . United States Department of Veterans Affairs disability benefits other than non-service-connected disability pension benefits, as defined by 38 U.S.C. Section 101(17) . . . .").

Under our Rules of Appellate Procedure, in order to preserve error for appeal, a party must present to the trial court a timely request, motion, or objection, state the

---

[1] On November 30, 2017, Benjamin subsequently filed a motion asking this Court to grant his "Motion to Enter Additional Supporting Documentation." Benjamin asks this Court to consider a "Memorandum of Law, and a court ruling for a similar case in Wood County, Texas." Having considered Benjamin's motion, we hereby GRANT his motion in part and DENY in part. *See AAA Navi Corp. v. Parrot-Ice Drink Products of America, Ltd.* 119 S.W.3d 401, 403 (Tex. App.—Tyler 2005, no pet.) (stating that "an appellate court can consider only the record as filed and cannot consider documents not included in the record and not considered by the trial court").

2

specific grounds therefor, and obtain a ruling. *See* TEX. R. APP. P. 33.1(a). On direct examination by his counsel at the final divorce hearing, Benjamin specifically agreed to the monthly amounts of child support, medical support, and arrearages. Benjamin did not object to the trial court's ruling, sought no unconstitutional findings, failed to raise any legal arguments, and he did not raise this issue in any post-judgment motion. *See In re L.M.I.*, 119 S.W.3d 707, 710–11 (Tex. 2003) (holding that constitutional claims that are not raised in the trial court are not preserved for appellate review). Thus, we conclude that Benjamin failed to preserve his constitutionality argument in the trial court. *See id*.

Nonetheless, Texas law explicitly provides that courts shall include veterans' disability benefits as a net resource when determining the amount of child support that is due. *See* TEX. FAM. CODE ANN. § 154.062(b)(5); *see Rose v. Rose*, 481 U.S. 619 (1987) (holding that state-court jurisdiction is not preempted by 38 U.S.C. § 3101(a), which provides that "[p]ayments of benefits . . . under any law administered by the Veterans' Administration . . . made to, or on account of, a beneficiary . . . shall not be liable to attachment, levy, or seizure by or under any legal or equitable process whatever, either before or after receipt by the beneficiary"); *see also Ruffin v. Ruffin*, 753 S.W.2d 824, 828 (Tex. App.—Houston [14th Dist.] 2008, no writ) ("The court . . . could order the withholding of a portion of appellant's disability benefits for payments of past-due child support."). Therefore, the trial court did not err when it included Benjamin's veterans' disability benefits in his child support calculations and arrearages. *See Worford v. Stamper*, 801 S.W.2d 108, 109 (Tex. 1990) (finding that most orders arising from a suit affecting the parent-child relationship will not be disturbed on appeal unless the complainant demonstrates a clear abuse of discretion). Accordingly, we overrule his first issue.

3

Next, by two sentences Benjamin asks us to "split the medical costs of the child 50/50, and not bear the entire 100% responsibility on the father" and argues that the "trial court erred by improperly allowing arrearages to be paid when an agreement by both parties was in place." However, Benjamin has not briefed these arguments. Instead, he merely recites the issues without providing any discussion, argument, authority, or substantive analysis. *See Eaves v. Unifund CCR Partners*, 301 S.W.3d 402, 409 (Tex. App.—El Paso 2009, no pet.) (holding the issue inadequately briefed when the argument consisted of only three conclusory sentences). As such, we find Benjamin inadequately briefed his complaints, and we decline to address them. *See* TEX. R. APP. P. 38.1(i) (stating that a brief must contain "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). Accordingly, we overrule his second and third issues.

## III. CONCLUSION

Having overruled all of Benjamin's issues, we affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Delivered and filed this
31st day of January, 2019.

4