Order entered March 7, 2019



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-01493-CV

## DARLENE C. AMRHEIN, Appellant

## V.

## PROSPERITY BANK, JO'EL DOE, KEENA CLIFTON, AND NAOMI THAMES, Appellees

On Appeal from the 199th Judicial District Court
Collin County, Texas
Trial Court Cause No. 199-05352-2016

## ORDER

Before the Court is court reporter Sheri J. Vecera's March 5, 2019 letter explaining to the Court that she cannot file the record because appellant's request is too vague and includes records from other cases. Ms. Vecera also explains appellant has not made arrangements to pay for the record. Ms. Vecera notes that appellant represents she is indigent, but another trial court has found her not indigent. Ms. Vecera asks that appellant "provide dates of any hearing that she is requesting" and make payment arrangements. We **ORDER** as follows.

An appellate court generally considers only the documents and evidence considered by the trial court. *See AAA Navi Corp. v. Parrot-Ice Drink Prod. of Am., Ltd.*, 119 S.W.3d 401, 403 (Tex. App.—Tyler 2003, no pet.); *Irlbeck v. John Deere Co.*, 714 S.W.2d 54, 58 (Tex. App.—

Amarillo 1986, writ ref'd n.r.e.). As such, a reporter's record on appeal consists generally of the transcription of the proceedings from trial. *See* TEX. R. APP. P. 34.6(a); *Taveau v. Brenden*, 174 S.W.3d 873, 877 (Tex. App.—Eastland 2005, pet. denied). Because appellant seeks transcription of proceedings occurring outside this cause, we **ORDER** appellant to file an amended designation in accordance with Texas Rule of Appellate Procedure 34.6. *See* TEX. R. APP. P. 34.6. To facilitate the designation, we **ORDER** Ms. Vecera to file, no later than March 18, 2019, a list of all hearings recorded in this cause. A copy of the list shall be served on appellant. Appellant's amended designation shall be filed within ten days of the filing of the list of hearings and shall be limited to proceedings in this cause. The reporter's record shall be filed within twenty-five days of the filing of the amended designation and without prepayment of costs. Although appellant may have been found not indigent by another court, nothing before us reflects she has been ordered by the trial court in this case to pay costs. *See* Tex. R. Civ. P. 145(a).

/s/    BILL WHITEHILL
JUSTICE