COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:     Fidelis Johnson Badaiki v. Steve Mckenzie, Schlumberger Holdings
                         Corporation, et al.

Appellate case number:   01-20-00778-CV

Trial court case number: 2020-16532

Trial court:             11th District Court of Harris County

Appellant, Fidelis Johnson Badaiki, has filed motions to appoint counsel, to play an audio Recordings Micro SD Card Exhibit for the justices, and for referral to appellate mediation. Because appellant failed to include a certificate of conference with these motions, the Court held these motions pursuant to Rule 10.3. *See* TEX. R. APP. P. 10.3(a). Appellees have responded to all three motions and oppose them.

**Motion to Appoint Counsel**

Appellant complains that he has sought to obtain counsel but has been unsuccessful. Appellant asks for appointment of appellate counsel. As appellees observe, there is no general right to counsel in civil cases. *See Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 594 (Tex. 1996). Although a trial court judge may appoint counsel in exceptional cases, *see id.*, there is no provision for an appellate court to appoint counsel. Accordingly, appellant's motion for appointment of counsel is denied.

**Motion to Play Audio Recording**

Appellant contends that he made several audio recordings of discussions between himself and his supervisor, but he does not state that these recordings are in the appellate record. Appellees oppose this motion on the ground that the audio recordings are not part of the appellate record. An appellate court cannot consider matters that are not in the record and not considered by the trial court. *See Democratic Schools Research, Inc. v. Rock*, 608 S.W.3d 290, 305 (Tex. App.—Houston [1st Dist.] 2020, no pet.); *AAA Navi Corp. v. Parrot-Ice Drink Prods. Of America, Ltd.*, 119 S.W.3d 401, 403 (Tex. App.—Tyler 2005, no pet.). Accordingly, the motion to play audio recording is denied.

**Motion for Referral to Mediation**

Finally, appellant asks this Court to refer the case to its ADR mediation program. Appellees oppose this motion on the ground that this is an appeal from a groundless lawsuit and

that the appeal is without merit and marked by frivolous filings.  This Court may, on its own motion or on the motion of a party, refer a case to mediation.  *See* TEX. CIV. PRAC. & REM. CODE § 154.021(a).  If the Court determines that a case is appropriate for referral, it shall notify the parties, but it any party objects and the Court finds that there is a reasonable basis for objection, the Court may not refer the dispute to mediation.  *See id.* § 154.022.

Appellees have offered a reasonable basis for their objection to referral to mediation.  Therefore, we **deny** appellant's motion for referral to mediation.  However, the parties are free to engage in settlement negotiations on their own.  Appellees state in their response to appellant's motion that they would agree not to pursue the judgment entered by the trial court, including attorney's fees and costs, if appellant will dismiss with prejudice all causes of action against appellees in the three pending lawsuits and will agree to release appellees from any future liability arising from the events that form the basis of appellant's lawsuits.  If the parties achieve a settlement of their differences, they shall immediately advise this Court.

It is so ORDERED.


Judge's signature: _____/s/ Richard Hightower_____
           ☑ Acting individually ☐ Acting for the Court


Date: ___December 2, 2021____