**Order entered October 7, 2022**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00389-CV

### JOHN HURT AND LESLEA HURT, Appellants

### V.

### AMALENDU GOSWAMI AND HARSHA GOSWAMI, Appellees

**On Appeal from the County Court at Law No. 3**
**Collin County, Texas**
**Trial Court Cause No. 003-02059-2020**

## ORDER

Before the Court are appellants' October 3, 2022 motion under Texas Rule of Appellate Procedure 34 and October 4, 2022 motion for leave from briefing order. Appellants assert in the rule 34 motion that their request to the trial court to have the clerk's record supplemented with copies of "communications between then pro se [appellant] John Hurt and the [county court] (chiefly its staff or clerk) concerning the scheduling or failure to set certain hearings" was denied and they ask that we order the county court to file the requested communications in a

supplemental clerk's record. Appellants request in the motion concerning the brief that the briefing deadline be suspended pending supplementation of the clerk's record as well as supplementation of the reporter's record. Appellants explain they have paid the reporter's fee for the record to be supplemented with proceedings that occurred in County Court at Law No. 5 in a related case that was subsequently consolidated into the underlying case.

We **GRANT** the rule 34 motion **TO THE EXTENT** that Mr. Hurt may file with the trial court clerk copies of the communications he had with the county court, its staff, or its clerk "concerning the scheduling or failure to set certain hearings." Any copies of such communications shall be filed with the trial court clerk no later than October 14, 2022. Should the copies be filed, Collin County Clerk Stacey Kemp **SHALL FILE**, no later than October 19, 2022, a supplemental clerk's record containing those copies. If the copies are not filed, Ms. Kemp shall state so in writing.

We **GRANT** the motion concerning the brief **TO THE EXTENT** that appellants' brief shall be filed within thirty days of the filing of the later of the supplemental reporter's record or supplemental clerk's record/verification. We caution appellants that the supplemental reporter's record of the proceedings that occurred in County Court at Law No. 5 will be considered by the Court only to the extent the county court in this case considered them. *See AAA Navi Corp. v.*

*Parrot-Ice Drink Prod. of Am., Ltd.*, 119 S.W.3d 401, 403 (Tex. App.—Tyler 2003, no pet.) (appellate court cannot consider documents not considered by trial court).

We **DIRECT** the Clerk of the Court to send a copy of this order to the Honorable Lance Baxter, Presiding Judge of County Court at Law No. 3; Ms. Kemp; Crystal Cannon, Official Court Reporter for County Court at Law No. 5; and, the parties.

/s/    KEN MOLBERG
        JUSTICE